**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Timothy Wayne Eddington,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>U. S. Marshal Service,<br><br>　　　　　Defendant. | Case No. 2:26-cv-1666-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 6), recommending that the case be summarily dismissed because it is duplicative of another pending suit brought by Plaintiff.  Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to timely file objections would result in limited clear error review and waiver of the right to file an appeal from the District Court order. (*Id.* at 4). Plaintiff filed no objections to the R & R.

## I.    Background

Plaintiff, a pretrial detainee, filed an action against the above captioned Defendant on February 4, 2026, alleging the same allegations as asserted in this action.  *Eddington v. U.S. Marshal Service*, C.A. No. 2:26-421.   This earlier filed action was referred to the Magistrate Judge, who issued a proper form order to bring the compliant into proper form on May 22, 2026. The Magistrate Judge awaits Plaintiff's response in that case.  Plaintiff filed this present action on April 21, 2026, replicating his previous lawsuit. (Dkt. No. 1).

The Magistrate Judge issued a R & R on May 26, 2026, recommending that the above captioned action be dismissed without prejudice as a repetitious second action that is virtually identical to the previously filed lawsuit.  Plaintiff filed no objections to the R & R.

## II.     Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

It is well settled that repetitious litigation of virtually identical causes of action is subject to dismissal without prejudice. *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000).

2

**IV.     Conclusion**

For the foregoing reason, the R&R (Dkt. No. 6) is **ADOPTED** as the Order of the Court and this action is **SUMMARILY DISMISSED** as duplicative litigation.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 7, 2026
Charleston, South Carolina